## Stoker, Appellant, *v.* Amann.

*Conspiracy—Evidence—Insufficiency—Non-suit.*

In an action of conspiracy to prevent the plaintiff from collecting his just debts, judgment of non-suit is properly entered, where the evidence on the part of the plaintiff fails to establish that the defendant unlawfully conspired to defraud him of his claims, or unlawfully prevented the legal assertion of his rights.

Argued April 13, 1926. Appeal No. 58, April T., 1926, by plaintiff, from judgment of C. P. Erie County, May T., 1922, No. 248, in the case of John Stoker v. Gertrude H. Amann, Executrix of Margaret Rummel, alias Margaret Messer, deceased, and Mary Anderson and Harry Anderson and S. M. Young and Annette Young, Executor and Executrix of W. J. Young, deceased. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass for conspiracy. Before ROSSITER, P. J.

The facts are stated in the opinion of the Superior Court.

The Court entered judgment of non-suit, which it subsequently refused to strike off. Plaintiff appealed.

*Error assigned* was the order of the court.

*Wilbur R. Seabrook,* and with him *Charles F. Haughney,* for appellant.

*Charles A. Mertens,* for appellees.

OPINION BY LINN, J., July 8, 1926:

The refusal to take off a compulsory non-suit is complained of. Damages were claimed for conspiracy. The court below was of opinion that there was neither evidence of conspiracy nor proof of damages.

The statement of claim alleged that the four "defendants.........intending to injure the plaintiff and prevent him from collecting his just claims against Harry and Mary Anderson, and also from obtaining an assignment of the judgment held by Margaret Messer against the said Mary Anderson......," conspired together. We have examined the evidence in the light of appellant's brief, and agree that a non-suit was required.

Of the defendants, Margaret Messer, who died before trial, was the mother of Mary Anderson; Mary Anderson and Harry Anderson are husband and wife; W. J. Young, who also died before trial, was the attorney-at-law for the other three defendants. The first transaction between any of the parties took place on October 10, 1914, when the Andersons conveyed land to the plaintiff for $2,000, to be paid for by his agreement to pay the balance of $880 due on a loan secured by mortgage of the premises, and by transferring to the Andersons personal property valued at $1,120; the agreement to pay the mortgage debt was stated in the deed and the personal property was delivered.

The next transaction took place thirteen months

later, on November 10, 1915, when by writing, the plaintiff leased to one of the defendants, Harry Anderson, certain live stock and farming implements for one year, the lessee agreeing to pay to the lessor $357.75 rental in installments of $29.82 per month, with the stipulation that if he performed his agreement he might purchase the property at the end of the time for one cent. The claim for that rental and the recovery of the personal property leased are the claims against the Andersons referred to in the statement of claim quoted above. It appears that Anderson never paid anything on account of the rent due on the lease, although he retained possession until the summer of 1916, when the leased property was sold by a constable as Anderson's property on a levy made in a suit brought against the Andersons before a Justice of the Peace by one Ed. Asmus. If the plaintiff had a good title to the property leased to Harry Anderson (a point not before us) he might have successfully asserted his title against Anderson or anyone who took from or through him; no reason appears why he did not so assert it; there is nothing in the record to show that any of the defendants prevented it; apparently plaintiff did not assert his rights. This element of the case is also complicated by other conduct of the plaintiff, for the record indicates that when the constable levied on and sold the personal property, it was subject to the sheriff's levy made at the instance of plaintiff's nominee, on a judgment entered against the Andersons on the bond accompanying the mortgage which was a lien to the extent of $880 on the premises bought by him from the Andersons and which he had agreed to pay. Apparently he failed to pursue whatever rights he had in that levy.

The second element in the charge of conspiracy also throws some light on that situation. Plaintiff alleged not only a conspiracy to hinder his collection of claims due by the Andersons, but alleged that defendants

sought to prevent his obtaining an assignment of the judgment held by Margaret Messer against Mary Anderson. When the plaintiff bought the land from the Andersons, Margaret Messer had a judgment of $507.50 against the Andersons, and he asserts that in consideration of his agreeing to purchase the Andersons' property, Margaret Messer agreed with him that she would release the real estate from the lien of the judgment. She denied the arrangement, issued execution and levied on the real estate in 1916. Plaintiff came in, set up his alleged agreement with her and her refusal to comply, and appellee's brief states (the documents were in evidence but are not printed) that the proceeding terminated by the payment by plaintiff to the defendant W. J. Young, attorney for Margaret Messer, of the amount of the judgment, and that the court made an order that the judgment should not be satisfied but should remain subject to the order of the court, the writ to be stayed, the plaintiff claiming the right of subrogation. Plaintiff did nothing further in that proceeding, though no reason is given why he could not go on with it.

He also appears to have caused the mortgage (which he had agreed to pay) to be assigned by the mortgagee to one Hopkins and execution to be issued on the judgment entered on the bond accompanying the mortgage and levy to be made on the personal property of the Andersons. To that, the Andersons then set up plaintiff's agreement to pay the debt, tendered payment to Hopkins of the amount due, and demanded an assignment pursuant, their brief says, to the Act of April 28, 1903, P. L. 327. The record shows that nothing further was done with this proceeding until June 3, 1919, when the plaintiff's attorney filed an order staying the writ and ordering it returned. It also appears that in May, 1916, when the levy on the Andersons' property was made in that suit, Margaret Messer filed a claim with

357, (1926).]      Opinion of the Court.

the sheriff claiming the property levied on in the custody of the Andersons. A sheriff's interpleader was allowed and there the proceeding seems to have rested.

It is unnecessary to state any more of this complicated record. Plaintiff has not shown that the defendants unlawfully conspired to deprive him of his claims against the Andersons or unlawfully prevented his legal assertion of his claim against Margaret Messer.

The judgment is affirmed.